UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JI SUN JENNIFER KIM                                     Docket No. 10-CV-6101
198-05 30th Street
Flushing, NY 11358                                      (J. Marrero)
                          Plaintiff,

    v.

GOLDBERG, WEPRIN, FINKEL
GOLDSTEIN, LLP
1501 Broadway, 22nd Floor
New York, NY 10036
    and
BARRY ZWEIGBAUM
1501 Broadway, 22nd Floor
New York, NY 10036
    and
ARNOLD MAZEL
1501 Broadway, 22nd Floor
New York, NY 10036
    and
ANDREW ALBSTEIN
1501 Broadway, 22nd Floor
New York, NY 10036
                          Defendants.
------------------------------------------------------------------X

## DEFENDANTS', GOLDBERG, WEPRIN, FINKEL GOLDSTEIN, L.L.P., BARRY ZWEIGBAUM, ARNOLD MAZEL AND ANDREW ALBSTEIN, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.**
Attorneys for Defendants Goldberg, Weprin, Finkel Goldstein, L.L.P.,
Barry Zweigbaum, Arnold Mazel and Andrew Albstein
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT..............................................................................................1

STATEMENT OF FACTS .......................................................................................................2

ARGUMENT ...........................................................................................................................3

I.      Plaintiff Has Failed to State a Claim for Violations of the FMLA .................................3

          A.     Defendants Did Not Interfere With Plaintiff's FMLA Rights .............................4

          B.     There is No Causal Connection to Support
                Plaintiff's FMLA Retaliation Claim ...................................................................5

II.     There is No Causal Connection to Support Plaintiff's State Law Retaliation Claims......7

III.    Plaintiff's State Law Claims Fail to State a Cause of Action .........................................7

CONCLUSION.........................................................................................................................9

**TABLE OF AUTHORITES**

Page

CASE LAW

Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)..................................................................................................3

Baldwin v. Cablevision Systems Corp., 65 A.D.3d 961, 888 N.Y.S.2d 1 (1st Dept. 2009) ........................................................................................6, 7

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..................................................................................3

Clark Co. School Dist. v. Breeden, 532 U.S. 268, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) ...............................................................................5

Delise v. Metro-North R. Co., 646 F.Supp.2d 288 (D.Conn. 2009)..................5

DiGiovanna v. Beth Israel Med. Ctr., 651 F.Supp.2d 193 (S.D.N.Y. 2009) ..................................................................................................4

Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 819 N.E.2d 998, 786 N.Y.S.2d 382 (2004)..........................................................................8

Garrett v. Garden City Hotel, Inc., No. 05-CV-0962, 2007 WL 1174891 (E.D.N.Y. Apr. 19, 2007)..........................................................6

Giaccio v. City of New York, No. 04 Civ. 3652, 2005 WL 95733 (S.D.N.Y. Jan. 19, 2005)..........................................................................3

Gonzalez v. New York State Office of Mental Health, 26 Misc.3d 1227(A), 907 N.Y.S.2d 100 (N.Y. Sup. 2010) ...................................................8

Gorman-Bakos v. Cornell Co-op. Extension of Schenectady Cnty, 252 F.3d 545 (2d Cir. 2001)......................................................................5

Hollander v. Am. Cyanamid Co., 895 F.2d 80 (2d Cir. 1990)..........................5

Island Lathing & Plastering, Inc. v. Travelers Indem. Co., 161 F. Supp. 2d 278 (S.D.N.Y. 2001).......................................................................3

Kamrowski v. Morrison Mgmt. Specialist, 05-CV-9234, 2010 WL 3932354 (S.D.N.Y. Sept. 29, 2010)............................................................5, 6

Khalil v. State, 17 Misc.3d 777, 847 N.Y.S.2d 390 (N.Y. Sup. 2007).............8

Lessambo v. PriceWaterhouseCoopers, L.P., 08-CV-6272, 2010 WL
   3958787 (S.D.N.Y. Sept. 27, 2010)......................................................................6

Meggison v. Paychex, Inc., 679 F.Supp.2d 379 (W.D.N.Y. 2010)..............................6

Nichols v. Memorial Sloan-Kettering Cancer Center, 36 A.D.3d 426,
   829 N.Y.S.2d 22 (1st Dept. 2007) ....................................................................6, 7

O'Reilly v. Consol. Edison Co. of New York, Inc., 374 F.Supp.2d
   278 (E.D.N.Y. 2005), *aff'd*, 173 Fed.Appx. 20 (2d Cir. 2006)...............................6

Reilly v. Revlon, Inc., 620 F.Supp.2d 524 (S.D.N.Y. 2009) ......................................4

Roberts v. Ground Handling, Inc., 499 F.Supp.2d 340 (S.D.N.Y.
   2007) ...................................................................................................................4

Ruhling v. Tribune Co., No. 04-CV-2430, 2007 WL 28283 (E.D.N.Y.
   Jan. 3, 2007) ........................................................................................................6

Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161 (2d Cir. 2006).....................................4

Smith v. Local 818 I.B.T. Pension Plan, 291 F.3d 236 (2d Cir. 2002).......................3

Williams v. Jurow, No. 05 Civ. 6949, 2008 WL 4054421 (S.D.N.Y.
   Aug. 28, 2008) ....................................................................................................3

FEDERAL STATUTES/RULES

Family Medical Leave Act ["FMLA"]............................................................*passim*

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 9

29 U.S.C. § 2612(a)(1)(D) ........................................................................................4

29 U.S.C. §2615(a)(1)...............................................................................................4

MISC.

New York Human Rights Law and the New York City Administrative Code ..........1

## PRELIMINARY STATEMENT

Defendants Goldberg, Weprin, Finkel Goldstein, L.L.P. ["GWFG"], Barry Zweigbaum ["Zweigbaum"], Arnold Mazel ["Mazel"] and Andrew Albstein ["Albstein"] respectfully submit this memorandum of law in support of their motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff claims defendants violated the Family Medical Leave Act ["FMLA"] because they interfered with her right to take medical leave and because they retaliated against her for taking the medical leave by terminating her. Plaintiff also claims that defendants violated the New York Human Rights Law and the New York City Administrative Code by discriminating against her because of her gender and because she was pregnant; she further claims that defendants retaliated against her complaining about the alleged discrimination she was experiencing.

Plaintiff's claim pursuant to the FMLA should be dismissed pursuant to Rule 12(b)(6) for failure to state a cause of action. Plaintiff admits in the complaint that she took twelve weeks medical leave from GWFG and resumed her employment thereafter. Based on this admission alone, there can be no claim that the defendants interfered with her medical leave. Further, there can be no retaliation claim because the temporal proximity between plaintiff's taking medical leave and her termination is too remote to raise the required inference. Thus, as a matter of law, her FMLA claim should be dismissed. Likewise, there is no temporal proximity between plaintiff's complaint of alleged discrimination and her termination. Therefore, the remaining claims of retaliation and discrimination similarly fail.

Finally, plaintiff's state law claims of discrimination and harassment must fail. The crux of plaintiff's state claim is the same as her federal claim and, like that, it too must fail. Further,

plaintiff's vague and conclusory allegations, even were they accepted, for purposes of this motion, as true, do not rise to the level of harassment sufficient to sustain her claim. Thus, her remaining state law claims should be dismissed.

## STATEMENT OF FACTS

The facts, as alleged in the complaint, are as follows. Plaintiff was hired by GWFG as an associate attorney on or about January 28, 2008. *See*, Plaintiff's Civil Action Complaint, annexed to Affidavit of Marie Ann Hoenings, dated November 8, 2010, as Exhibit A, at ¶8. She became pregnant in or about January 2009. Id., ¶9. Plaintiff claims that in or about the first week of June 2009, she was treated in a derogatory manner by Iris Albstein, a partner at GWFG. Id., ¶10. Plaintiff contends that she was not doing anything wrong, and that she was singled out for being pregnant, as other male and non-pregnant attorneys were engaging in the same and/or similar actions as her. Id., ¶11.

Plaintiff complained to the management of GWFG about the potential discriminatory treatment due to her known pregnancy. Id., ¶12. She argues that as a direct result of her complaint, she received a memorandum from Defendant Albstein, (Iris Albstein's brother), which exhibited hostility toward plaintiff's perceived discrimination complaint in general. Id., ¶13.

In September 2009, plaintiff took a medical leave of absence for approximately twelve weeks to give birth. Id., ¶15. Upon returning to work in or about mid-December 2009, plaintiff alleges she was treated in a hostile manner; she observed items on her desk missing, and she was not extended the same courtesies or flexibility that other employees were giving or that she had previously received before complaining of discriminatory treatment and taking medical leave. Id., ¶16.

In or about mid-April 2010, plaintiff was terminated for budgetary reasons. Id., ¶15.

**ARGUMENT**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the "complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face,'" demanding "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Legal conclusions are not presumed to be true. See, Smith v. Local 818 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002); Island Lathing & Plastering, Inc. v. Travelers Indem. Co., 161 F. Supp. 2d 278, 282 (S.D.N.Y. 2001). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

A complaint should be dismissed on a Rule 12(b)(6) motion where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim. Id. "Conclusory allegations are insufficient to withstand a motion to dismiss." Giaccio v. City of New York, No. 04 Civ. 3652, 2005 WL 95733, at *5 (S.D.N.Y. Jan. 19, 2005).

In Bell Atlantic, the Supreme Court articulated the proper standard of proof on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), which imposes an obligation on plaintiffs "to provide the grounds of [their] entitlement to relief [with] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ..." Id. at 555 (quotations and alterations omitted); see also, Williams v. Jurow, No. 05 Civ. 6949, 2008 WL 4054421, at *2 (S.D.N.Y. Aug. 28, 2008). Here, even if plaintiff's allegations in her complaint are accepted as true, for the purposes of this motion, the claims clearly fail to state a valid claim as a matter of law, and the complaint should be dismissed.

**I.    Plaintiff Has Failed to State a Claim for Violations of the FMLA**

The FMLA gives eligible employees an "entitlement" to twelve weeks of unpaid leave each

year based on "a serious health condition that makes the employee unable to perform the functions of the position of such employee."[1] 29 U.S.C. § 2612(a)(1)(D); *see also*, Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 174 (2d Cir.2006). There are two ways in which an employer can violate the FMLA. First, it is unlawful for an employer to retaliate against an employee because the employee exercised his FMLA rights. Reilly v. Revlon, Inc., 620 F.Supp.2d 524 (S.D.N.Y. 2009). Second, it is unlawful for an employer to interfere with, restrain, or deny the exercise of an employee's FMLA rights. DiGiovanna v. Beth Israel Med. Ctr., 651 F.Supp.2d 193, 199 (S.D.N.Y.2009). Here, plaintiff brings claims under both the "retaliation" and "interference" theories of FMLA liability

### A. Defendants Did Not Interfere With Plaintiff's FMLA Rights

Plaintiff cannot establish a claim for interference because defendants did not deny plaintiff her right to take medical leave and plaintiff was reinstated upon her return from medical leave. To establish a prima facie case for interference of FMLA benefits, a plaintiff must show that (1) she is an eligible employee under the FMLA; (2) the defendant is a covered employer under the FMLA; (3) the plaintiff was entitled to leave under the FMLA; (4) the plaintiff gave appropriate notice to defendant of her intention to take leave; and (5) the defendant denied or interfered with her benefits to which she was entitled. 29 U.S.C. §2615(a)(1). *See also*, Roberts v. Ground Handling, Inc., 499 F.Supp.2d 340, 351 (S.D.N.Y.2007).

In the instant action, there is no basis for plaintiff's interference claim because her own admissions belie this claim. Plaintiff admits that in September 2009, she took a medical leave of absence for twelve weeks to care for her newborn child. Ex. A, ¶15. She further admits that returned to work in or about mid-December 2009. Id., ¶16. Based on plaintiff's own admissions, she took medical leave and she returned to work after her medical leave. Therefore, as a matter of

---

[1] Defendants do not concede that the firm is subject to the FMLA based upon the number of employees it employed

law, there can be no claim that defendants interfered with her medical leave.

In <u>Delise v. Metro-North R. Co.</u>, 646 F.Supp.2d 288 (D.Conn. 2009), the plaintiff claimed that the defendant interfered with his right to take FMLA leave. The court recognized that plaintiff received the FMLA leave he requested; thus, there was no basis to his claim that defendant interfered with his right to take FMLA leave. <u>Id.</u>, at 290. *See also*, <u>Roberts</u>, *supra*, 499 F.Supp.2d at 351 (holding that plaintiff could only show that the defendant interfered with her right to take medical leave pursuant to the FMLA if the plaintiff was denied reinstatement to the same or an equivalent position.) Thus, having not been denied her right to leave, plaintiff's claim is groundless.

### B.    There is No Causal Connection to Support Plaintiff's FMLA Retaliation Claim

Plaintiff's claims that she was retaliated against because she complained of discrimination or because she took medical leave to give birth to her child lack merit as a matter of law. Retaliation can be established only where there is sufficient temporal proximity between a protected activity and an adverse employment action. <u>Clark Co. School Dist. v. Breeden</u>, 532 U.S. 268, 272, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). For a presumption of retaliation to apply, the temporal proximity must be very close. <u>Id.</u>

There is no bright line rule that defines "the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action." <u>Gorman-Bakos v. Cornell Co-op. Extension of Schenectady Cnty</u>, 252 F.3d 545, 554 (2d Cir. 2001). Nevertheless, the Courts of this Circuit have routinely held that lapses of time shorter than even three months are insufficient to support an inference of causation. <u>Hollander v. Am. Cyanamid Co.</u>, 895 F.2d 80, 85-86 (2d Cir. 1990) (passage of two and a half months too long to establish retaliation for an EEOC complaint); <u>Kamrowski v.

---

during the relevant period, but for purposes of this motion, only, the applicability of the FMLA will not be contested.

Morrison Mgmt. Specialist, 05-CV-9234, 2010 WL 3932354 (S.D.N.Y. Sept. 29, 2010) (plaintiff cannot show causation based on temporal proximity when almost four months passed between her reporting of allegedly discriminatory incidents and receipt of warning letter); Lessambo v. PriceWaterhouseCoopers, L.P., 08-CV-6272, 2010 WL 3958787 (S.D.N.Y. Sept. 27, 2010) (two complaints, respectively lodged nine and four months before plaintiff's termination were too remote to support any plausible causal connection to his termination); Meggison v. Paychex, Inc., 679 F.Supp.2d 379, 388 (W.D.N.Y. 2010) ("three months and twenty four days is insufficiently temporal proximate to infer that plaintiff's termination was the result of his having taken FMLA qualifying leave"); Garrett v. Garden City Hotel, Inc., No. 05-CV-0962, 2007 WL 1174891, at *20-21 (E.D.N.Y. Apr. 19, 2007) (two and one-half months between plaintiff's "most recent complaint of racial discrimination" and her discharge "preclude[d] a finding of a causal connection between the protected activity and the adverse employment action"; Ruhling v. Tribune Co., No. 04-CV-2430, 2007 WL 28283, at *23 (E.D.N.Y. Jan. 3, 2007) ("district courts in this Circuit have consistently held that a passage of two months between the protected activity and the adverse employment action seems to be the dividing line"); O'Reilly v. Consol. Edison Co. of New York, Inc., 374 F.Supp.2d 278 (E.D.N.Y. 2005), aff'd, 173 Fed.Appx. 20 (2d Cir. 2006) (three month gap was insufficient to give rise to an interference of retaliation); Baldwin v. Cablevision Systems Corp., 65 A.D.3d 961, 888 N.Y.S.2d 1 (1st Dept. 2009) (Four months not temporally proximate enough to satisfy the causality element of plaintiff's retaliation claim); Nichols v. Memorial Sloan-Kettering Cancer Center, 36 A.D.3d 426, 829 N.Y.S.2d 22 (1st Dept. 2007) (no evidence of a causal connection between plaintiff's protected activity and memorandum criticizing plaintiff's work performance which occurred 3 months thereafter).

Taking the allegations in plaintiff's complaint as true, as the Court must on a motion to

dismiss, plaintiff alleges that September, 2009, plaintiff commenced her medical leave and she returned twelve weeks later in mid-December. In mid-April, plaintiff was terminated.

There is simply no causal connection between her exercise of medical leave and her termination. The case law makes clear that two months is the dividing line for a finding of temporal proximity. Thus, as a matter of law, neither the six month gap between her exercise of FMLA leave and her termination nor the four month gap between her reinstatement and her termination are sufficient to establish temporal proximity. Accordingly, her claim of FMLA retaliation must be dismissed.

## II. There is No Causal Connection to Support Plaintiff's State Law Retaliation Claims

As discussed in detail in Section I, B, two months is the dividing line in finding temporal proximity between a protected activity and an adverse employment action and even the New York State courts have found that three and four months are insufficient to establish a causal connection. *See*, Baldwin, *supra*, 65 A.D.3d at 962; Nichols, *supra*, 36 A.D.3d at 427. Plaintiff claims that in June 2009, she was treated in a derogatory manner by Iris Albstein, a partner at GWFG. She further claims that she was singled out because of her pregnancy, when other similarly situated employees were engaging in the same or similar behavior. Plaintiff asserts that she complained to GWFG that this incident occurred because of her pregnancy. In mid-April, eight months later, she was terminated.

As a matter of law, based on the case law discussed, the eight month gap between her claim of discrimination and her termination is insufficient to establish temporal proximity. Thus, plaintiff's state law claims of retaliation must be dismissed.

## III. Plaintiff's State Law Claims Fail to State a Cause of Action

The crux of plaintiff's claims is that she was discriminated against for taking medical leave.

Whether couched in terms of an FMLA violation or a state law discrimination claim, as discussed herein, there is simply no basis for this assertion as a matter of law.

Further, her vague and conclusory assertions that she was treated in a hostile manner because, upon return from her medical leave, items were missing from her desk or that she was not extended the same courtesies given to other unidentified employees are insufficient to support her claim.

A hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 310, 819 N.E.2d 998, 1010, 786 N.Y.S.2d 382, 394 (2004) Whether an environment is hostile or abusive can be determined only by looking at all of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. Id., at 310-11. See also, Gonzalez v. New York State Office of Mental Health, 26 Misc.3d 1227(A), 907 N.Y.S.2d 100 (N.Y. Sup. 2010) (vague and conclusory comments were not sufficient to establish a severe and pervasive working environment); Khalil v. State, 17 Misc.3d 777, 847 N.Y.S.2d 390 (N.Y. Sup. 2007) (facts alleged did not support claim of hostile work environment as conduct was not extreme enough to amount to a change in the terms and conditions of plaintiff's employment).

Plaintiff's vague and conclusory claims do not meet the requisite standard. First, plaintiff does not contend who allegedly removed items from her desk. Second, she does not assert that the reason items allegedly were removed from her desk was because of her pregnancy. Third, plaintiff does not allege the courtesies allegedly extended to other employees or the employees to whom such courtesies were extended. Fourth, plaintiff does not assert that she complained to anyone about

items missing from her desk or the fact that she was no longer extended courtesies given to other employees. Fifth, her claim that she overheard a single allegedly discriminatory comment is simply insufficient to establish an abusive working environment.

Plaintiff's attempt to formulate a claim that she was treated in a hostile manner is unavailing. Her vague and conclusory assertions do not establish that her work environment was impacted in a severe and pervasive manner. Accordingly, her state law claims should be dismissed.

## CONCLUSION

For all of the foregoing reasons, defendants Goldberg, Weprin, Finkel Goldstein, L.L.P., Barry Zweigbaum, Arnold Mazel and Andrew Albstein respectfully request that this Court grant the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, together with such other and further relief as this Court deems just and proper.

DATED:   Garden City, New York
         November 8, 2010

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.

_[signature]_

Marie Ann Hoenings (MH-6846)
Marian C. Rice (MR-7648)
Nicole Feder (NF-3496)
Attorneys for Defendants
*Goldberg, Weprin, Finkel Goldstein, L.L.P., Barry Zweigbaum, Arnold Mazel and Andrew Albstein*
1001 Franklin Avenue, 3rd Floor
Garden City, New York 11530
(516) 294-8844

items missing from her desk or the fact that she was no longer extended courtesies given to other employees. Fifth, her claim that she overheard a single allegedly discriminatory comment is simply insufficient to establish an abusive working environment.

Plaintiff's attempt to formulate a claim that she was treated in a hostile manner is unavailing. Her vague and conclusory assertions do not establish that her work environment was impacted in a severe and pervasive manner. Accordingly, her state law claims should be dismissed.

## CONCLUSION

For all of the foregoing reasons, defendants Goldberg, Weprin, Finkel Goldstein, L.L.P., Barry Zweigbaum, Arnold Mazel and Andrew Albstein respectfully request that this Court grant the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, together with such other and further relief as this Court deems just and proper.

DATED:   Garden City, New York
         November 8, 2010

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.

_[signature]_

Marie Ann Hoenings (MH-6846)
Marian C. Rice (MR-7648)
Nicole Feder (NF-3496)
Attorneys for Defendants
*Goldberg, Weprin, Finkel Goldstein, L.L.P., Barry Zweigbaum, Arnold Mazel and Andrew Albstein*
1001 Franklin Avenue, 3rd Floor
Garden City, New York  11530
(516) 294-8844

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

      **LAURA GUARDIANO**, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Melville, New York.

      That on the 8th day of November, 2010, deponent served the within **DEFENDANTS', GOLDBERG, WEPRIN, FINKEL GOLDSTEIN, L.L.P., BARRY ZWEIGBAUM, ARNOLD MAZEL AND ANDREW ALBSTEIN, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** upon:

      TERC LAW OFFICE, P.C.
      Attn: Miguel A. Terc, Esq.
      Attorneys for Plaintiff
      P.O. Box 750281
      Forest Hills, NY 11375

      KARPF & KARPF, P.C.
      Attn: Ari Risson Karpf, Esq.
      Attorneys for Plaintiff
      3070 Bristol Pike
      Building 2, Suite 231
      Bensalem, PA 19020

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose, by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                      _____
                                                      LAURA GUARDIANO

Sworn to before me this
8th day of November, 2010.

_____
Notary Public

      DENISE MITCHELL
  Notary Public, State of New York
        No. 4816888
    Qualified in Nassau County
Commission Expires December 31, 20__